# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARLOS VALLADARES, | ) | 1:11-cv-01030 AWI GSA PC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | WITH LEAVE TO FILE AMENDED |
| v. | ) | COMPLAINT |
| | ) | |
| | ) | |
| DR. RAMAN, et al., | ) | AMENDED COMPLAINT DUE |
| | ) | IN THIRTY DAYS |
| Defendants. | ) | |

**Screening Order**

**I.    Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the California Substance Abuse Treatment Facility (SATF), brings this civil rights action against defendant correctional officials employed by the CDCR at SATF: Dr. S. Raman, M.D. and Dr. A. Enenmoh, M.D. Plaintiff also names the SATF Medical Department as a defendant. Plaintiff claims that he has been denied adequate medical care such that it violates the Eighth Amendment prohibition on cruel and unusual punishment.

Regarding the SATF Medical Department, "The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state both by its own citizens, as well as by citizens of other states." Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991); see also Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996); Puerto Rico Aqueduct Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).

The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California

Department of Transportation, 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College District, 861 F.2d 198, 201 (9th Cir. 1989).   The SATF Medical Department, as an agency of the State of California, is therefore immune from suit.

### A.     Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff alleges generally that the medical care he has received at SATF is deficient. Plaintiff specifically alleges that, prior to his transfer to SATF, he had a prescription for pain medication that lasted for 6 months. Plaintiff suffers from various medical conditions, including "triple disc dislocation of his spine, a broken, substantially painful and incorrectly healed left foot and substantial knee injury, he suffers from occipital headaches due to glass fragments lodged in his head." (Compl. ¶ 11.)   Plaintiff alleges that his pain medication is now prescribed every 7 days to a month. Plaintiff alleges that this results in more trips to the pill line, as well as

3

depression, apprehension, and agitation. Plaintiff also contends that "it further results in his continuing subjection to the expiration of his medicines, withdrawals and substantial pain caused as a result of the defendants' inability to operate itself in a comprehensive manner calculated to ensure plaintiff's medication continuity for his permanent pain management and serious medical needs." (Id. ¶ 20.)

The Court finds Plaintiff's allegations to be vague. In order to state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Further, Plaintiff cannot prevail in a section 1983 action where only the quality of treatment is subject to dispute. Sanchez v. Vild, 891 F.2d 240 (9th Cir. 1989). Mere difference of opinion between a prisoner and prison medical staff as to appropriate medical care does not give rise to a section 1983 claim. Hatton v. Arpaio, 217 F.3d 845 (9th Cir. 2000); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Plaintiff's central claim is that his pain medication is not prescribed every 6 months, but in shorter intervals. That Plaintiff may believe this constitutes inadequate medical care does not subject defendants to liability. Plaintiff's disagreement with a medical professional over the course of his treatment does not state claim for relief. The complaint must therefore be dismissed. The Court will, however, grant Plaintiff leave to file an amended complaint.

Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff. Plaintiff has failed to do so here.

### III.     Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

5

2. The Clerk's Office shall send to Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **April 13, 2013**                             **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE